UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOU UN WONG,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA K. DAWSON, et al.,<br><br>Defendants. | Case No. 21-cv-03814-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE;**<br><br>**REPORT AND RECOMMENDATION RE REMAND**<br><br>Re: Dkt. No. 1 |

Defendants Christina Kamalam,[1] Alex Singarayan and Daniel Andrew[2] removed this unlawful detainer action from the Santa Clara County Superior Court. For the reasons stated below, the undersigned orders that this matter be reassigned to a District Judge, with the recommendation that the case be remanded to the state court for lack of federal subject matter jurisdiction.[3]

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the Court has a continuing duty to

---

[1] This defendant appears to be identified as "Christina Dawson" in the complaint.

[2] The complaint names an additional defendant, Amol Sinha, who apparently has not joined in the removal of this matter.

[3] Defendants previously attempted to remove this same complaint, resulting in a sua sponte remand order from the District Court. *See* Case No. 5:21-cv-01006-EJD *Wong v. Dawson, et al.*

determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendants fail to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 556 U.S. 49, 59-60 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id*. at 60. Here, plaintiff's complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever. Although defendants assert that plaintiff has violated various federal laws, allegations in a removal notice or in a response to the complaint cannot provide this Court with federal question jurisdiction.

This Court also finds no basis for diversity jurisdiction. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. The papers presented indicate that defendants reside in California. As California defendants, they cannot remove this case on the basis of diversity. *See* 28 U.S.C. § 1441(b)(2) (stating that an action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *see also Spencer v. U.S. Dist. Ct*., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal."). In any event, the complaint indicates that the amount demanded does not exceed $10,000. Dkt. No. 1-1. Unlawful detainer actions involve the right to possession alone, not title to the property. The fact that the subject property may be worth more than $75,000 is irrelevant. *MOAB Investment Group, LLC v. Moreno*, No. C14-0092 EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); *Maxwell Real Estate Investment LLC v. Bracho*, No. C12-02774 RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012).

Based on the foregoing, the removal of this case was improper. Defendants are advised

2

that future attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to magistrate judge jurisdiction, this Court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: May 24, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge